## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **CELESS FLYNN,** *Plaintiff,* v. **EXPERIAN INFORMATION SOLUTIONS, INC.,** *Defendant.* | Case No.: 8:25-cv-463 **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CELESS FLYNN ("Ms. Flynn"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), stating as follows:

### PRELIMINARY STATEMENT

1.  This is an action brought by Ms. Flynn against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3.  The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Polk County, which is in the Middle District of Florida.

## PARTIES

5. Ms. Flynn is a natural person and at all times relevant resided in the city of Davenport, Polk County, Florida.

6. Ms. Flynn is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

10. On or around December 2019, Ms. Flynn was provided a loan from Rise Credit.

11. Around August 2020, Ms. Flynn allegedly became delinquent on the account (the "Debt" or "alleged Debt"). **SEE PLAINTIFF'S EXHIBIT A.**

12. Sometime in August 2021, Rise Credit sold the Debt to NCB Management Services, Inc. ("NCB").

13. Shortly thereafter, NCB began reporting the Debt, monthly, to Experian. **SEE PLAINTIFF'S EXHIBIT B.**

14. NCB reported to Experian that Ms. Flynn owed $728 and the original creditor as "FINWISE BANK C/O RISE". *Id.*

## Duplicate Tradelines

15. Despite transferring the Debt for collection to NCB, Rise Credit continued to simultaneously report the Debt to Experian, creating duplicate tradelines on Ms. Flynn's Experian report.

16. As both iterations of the Debt tradeline were derogatory, the duplication of the negative data had a catastrophically negative effect on Ms. Flynn's credit reports and scores, since almost all consumer credit scores, including FICO® and Vantage®, heavily consider the *number* of derogatory tradelines.

17. Additionally, anyone viewing Ms. Flynn's credit report would falsely conclude that she owed two different debts to two different creditors, totaling $1,457, instead of a singular debt of $728 or $729.

18. On information and belief, Experian's automated systems do not flag accounts as duplicate when reported from different furnishers.

19. Experian's automated system incorporated the data on both tradelines into Ms. Flynn's file and sold it in reports produced about her.

## Ms. Flynn's Disputes of the Debt

20. In May 2024 Ms. Flynn disputed NCB's tradeline to Experian, specifically mentioning the tradeline had been duplicated and that the same debt appeared multiple times on her report.

21. Experian, upon receipt of Ms. Flynn's dispute, sent NCB an *Automated Consumer Dispute Verification* Request ("ACDV") form through an online platform known as e-OSCAR, asking NCB to make a reasonable investigation into the dispute.

22. NCB responded to the ACDV, stating that the accuracy of the reported information could be verified and continued to report its tradeline, although it indicated its reported information required minor updates, such as a more recent "date last reported."

23. Ms. Flynn made two subsequent disputes concerning the NCB tradeline to Experian in June 2024 and August 2024, reiterating the alleged Debt was duplicative of Rise Credit's own tradeline simultaneously reporting a balance owed.

24. NCB verified both the second and third disputes as "accurate," as well.

25. The FCRA requires that a CRA, such as Experian, conduct its own investigation into a consumer dispute. 15 U.S.C. § 1681i.

26. Thus, upon receipt of Ms. Flynn's disputes of the NCB tradeline, Experian was legally required to investigate each of the disputes.

27. However, on information and belief, Experian relied almost solely upon the "verifications" of NCB.

28. On information and belief, the only investigation Experian made of its own was a computerized verification of Ms. Flynn's name, address, date of birth, and Social Security number contained in the NCB tradeline against Experian's own records.

29. At no point did Experian consider, much less investigate, the crux of Ms. Flynn's dispute—that the information reported was duplicated.

30. For at least the last 35 years, courts in this district have recognized that a CRA cannot rely upon its data furnisher exclusively, when the consumer disputes the accuracy of the furnisher's version of events and provides evidence to the contrary. The CRA must make some independent investigation of its own. *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

31. Experian thus failed to conduct a reasonable investigation into Ms. Flynn's disputes of the NCB tradeline, as any reasonable investigation would have determined that NCB was reporting the same account as Rise Credit, and that at least one of the tradelines needed to be suppressed.

### Experian's Failure to Use Reasonable Procedures

32. Records from Experian indicate that it has sold at least seven (7) consumer reports regarding Ms. Flynn in the last two years, which included an inquiry

associated with Ms. Flynn's application for a mortgage. **SEE PLAINTIFF'S EXHIBIT C.**

33. Each of the consumer reports sold by Experian included the duplicate tradelines and were therefore inaccurate.

34. Experian failed to use reasonable procedures when producing the reports, even after having been placed on notice repeatedly by Ms. Flynn.

35. As a result of the Experian's conduct, Ms. Flynn has suffered an impaired ability to obtain credit, severe emotional distress, embarrassment, damage to her reputation and has spent significant time and money to force the Defendant to comply with its statutory obligations and to engage attorneys.

36. Ms. Flynn has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

37. Ms. Flynn adopts and incorporates paragraphs 1 – 36 as if fully stated herein.

38. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Flynn when it sold reports containing both the Rise Credit and NCB tradelines, when both tradelines represented the same underlying account, despite

having been placed on notice through numerous disputes that these tradelines represented the same underlying account.

39. Experian has been sued on numerous occasions for reporting duplicate tradelines and is aware that its systems for ensuring accuracy are flawed and do not flag such information when reported to it by different furnishers of data.

40. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

**WHEREFORE**, Ms. Flynn respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of **$1,000** per incident or Ms. Flynn's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT II
### EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
**(Pled in the Alternative to Count I)**

41. Ms. Flynn adopts and incorporates paragraphs 1 – 36 as if fully stated herein and strictly pled in the alternative to Count I.

42. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Flynn when it sold reports containing both the Rise Credit and NCB tradelines, when both tradelines represented the same underlying account, despite having been placed on notice through numerous disputes that these tradelines represented the same underlying account.

43. Experian owed Ms. Flynn a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Ms. Flynn.

44. Experian breached this duty when it sold consumer reports containing a duplicate tradeline regarding an auto loan issued by Rise Credit with a charged-off balance.

45. Experian thus acted negligently, and accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Flynn's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Flynn respectfully requests this Honorable Court enter judgment against Experian for:

    a.    Ms. Flynn's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT III
### EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

46. Ms. Flynn adopts and incorporates paragraphs 1 – 36 as if fully stated herein.

47. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least three disputes by Ms. Flynn since May 2024. Had Experian conducted a reasonable investigation into any of these disputes, it would have deleted the repetitive tradelines; however, Experian instead incorporated both iterations of the tradeline into its reports sold on Ms. Flynn.

48. Experian has been sued in the past for failing to reasonably investigate a consumer dispute and for relying on ACDV responses from data furnishers.

49. Experian's conduct was therefore willful, or done with a reckless disregard for Ms. Flynn's rights under the FCRA.

**WHEREFORE,** Ms. Flynn respectfully requests this Honorable Court enter judgment against Experian for:

    a. The greater of statutory damages of **$1,000** per incident or Ms. Flynn's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681i(a)(1)(A)
### (Pled in the Alternative to Count III)

50. Ms. Flynn adopts and incorporates paragraphs 1 – 36 as if fully stated herein.

51. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least two disputes by Ms. Flynn since May 2023. Had Experian conducted a reasonable investigation into any of these disputes, it would have deleted the repetitive tradelines; however, Experian instead incorporated both iterations of the tradeline into its reports sold on Ms. Flynn.

52. Experian owed Ms. Flynn a legal duty to conduct a reasonable investigation into her disputes.

53. Experian breached this duty when it verified its reporting as accurate and failed to delete the repetitive tradelines.

54. Experian's conduct was thus negligent, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Flynn for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Flynn respectfully requests this Honorable Court to enter judgment against Experian for:

    a. Ms. Flynn's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Flynn hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 25, 2025**, by:

**SERAPH LEGAL, P. A.**

/s/ *Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff,*
*Celess Flynn*

**ATTACHED EXHIBIT LIST**

A   Ms. Flynn's Experian Consumer Disclosure, August 15, 2024, Rise Credit Tradeline - Excerpt
B   Ms. Flynn's Experian Consumer Disclosure, August 15, 2024, NCB Tradeline – Excerpt
C   Ms. Flynn's Experian Consumer Disclosure, August 15, 2024, Inquiries - Excerpt